UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARGARETTE DUVERGER

      Plaintiff,

vs.                                **CASE NO: 0:25-cv-60378-DMM**

UNITED REALTY GROUP, INC., a
Florida coporation

      Defendant(s).

_____/

## **DEFENDANT UNITED REALTY GROUP, INC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT WITH PREJUDICE**

COMES NOW, UNITED REALTY GROUP, INC. ("United Realty Group" or "URG"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12, and other applicable law, hereby files its Motion to Dismiss with Prejudice Plaintiff, MARGARETTE DUVERGER'S ("DUVERGER") First Amended TCPA Class Action Complaint, and in support thereof states as follows:

## **CASE HISTORY AND SUMMARY OF ARGUMENT**

a) Under the Telephone Consumer Protection Act ("TCPA"), cold calling and telemarketing is not illegal when done in accordance with and adhering to specific regulations.

b) Under the Telephone Consumer Protection Act ("TCPA"), calling individuals who are "For Sale By Owner" ("FSBO") is not illegal when done in accordance with and adhering to specific regulations.

c) Under the Telephone Consumer Protection Act ("TCPA"), calling persons with expired sales listing is not illegal when done in accordance with and adhering to specific regulations.

d) Most respectfully to this Honorable Court, and in respect to the Honorable Court precious and valuable time, Plaintiff Duverger's First Amended Class Action Complaint is nothing more than a **"Witch hunt"** with absolutely **"NO"** supporting evidence whatsoever, as Plaintiff has **"NOT"** included any new or additional evidence whatsoever to support her First Amended Complaint, and is solely an attempt by Plaintiff, by and through her legal counsel, to try and get around Defendant's first Motion to Dismissed with Prejudice which was filed on April 25, 2025 in response to Plaintiff Duverger's initial Class Action Complaint, and try and use this Honorable Court as an innocent and unbeknownst vehicle to file their frivolous and meritless complaint.

e) On or about February 26, 2025, Plaintiff filed her initial Class Action Complaint against United Realty Group, Inc. **[Document No 1]**

f) On April 25, 2025, Defendant United Realty Group, Inc. filed its Motion to Dismiss with Prejudice Plaintiff's initial Class Action Complaint, as Plaintiff's complaint was at that time and at the time of filing this motion still is **<u>barred</u>**, as a matter of law, because as the facts and supported, attached, hard-copy evidence proved, Plaintiff Durverger had provided express, written consent to be contacted (the "Consent"). *[A true and correct copy of Duverger's Consent is attached as Exhibit "A" – Copy of URG Agent Juan Urbina Introduction Page of Private Website]*

g) More specifically, Duverger, gave her prior "Express Consent" to be contacted by Juan Urbina when she knowingly, willingly and intentionally signed onto Mr. Urbina's private website (www.findyourhome123now.com) to enter information and conduct searches, and receive information on real estate properties. To conduct searches, Duverger was required to provide her private information; including most importantly, her private cell phone number ending with the last 4-Digits of (9074),

the same cell phone number she allegedly registers on the DNC List, to create an account.   Furthermore, Duverger entered information for properties she was interested in and wanted information.

h)  On the same introductory page of Juan Urbina's private website, where Duverger provides her information and cell phone number (9074) it states very clearly: **"By providing your number, you are expressly consenting, in writing, to receive telemarketing and other messages, including artificial or prerecorded voices via automated calls and texts...at the number you provided above, about real estate related topics".**

i)  Additionally, in the first Motion to Dismiss with Prejudice Defendant provided documented evidence that Plaintiff Duverger signed on, entered and created an account on Juan Urbina's private website on **October 4, 2024** and then terminated her account on **December 24, 2024**. Please note, any calls and/or texts referred to in Plaintiff Duverger's Complaint from Mr. Urbina to the Plaintiff was soley during the above-referenced time period where she provided express, written consent to receive calls and text messages. *[A true and correct copy of Duverger's Consent is attached as Exhibit "B" – Copy of Tracking Information for Margarette Duverger's account created by her on URG Agent Juan Urbina's Private Website]*

j)  Defendant's request the Court to take judicial notice, that after Plaintiff terminated her account on December 24, 2024, she received NO further calls or texts from Mr. Urbina.

k)  **Most significantly**, Defendant request the Court to take judicial notice that Plaintiff Duverger in her initial Class Action Complaint **never** disclosed to this Honorable Court that she contacted Defendant on December 24, 2024 and told Defendant she does not want anymore calls or texts to her cell phone.

l)  However, it was only after Defendant's first Motion to Dismiss filed on April 25, 2025 provided evidence to the Court that Plaintiff gave her express consent on October 4, 2024 and then terminated her account on December 24, 2024, that now

on Page 12 of her First Amended Class Action Complaint, Plaintiff discloses to this Court that she allegedly contacted Defendant on December 24, 2024.

m) Now, subsequent to the above, documented and damaging facts against Plaintiff Duverger's initial Class Action Complaint; subsequently, out of the blue, Plaintiff now alleges that a Peter Rodriguez; coincidently, contacted the Plaintiff on April 7, 2025.

n) However, although Plaintiff in her initial Class Action Complaint allegedly was able to provide cell phone numbers, screen shots and other alleged evidence to support her initial complaint; on the contrary, Plaintiff has provided nothing at all to support her frivolous allegations.

o) Plaintiff's First Amened Class Action Complaint does not provide any cause of action whatsoever against the Defendant for training individuals on cold calling, telemarketing, calling FSBO lists and/or contacting expired sales listing; which under the TCPA is not illegal.

p) Based on the Plaintiff's prior history and conduct, Plaintiff has no credibility whatsoever and has filed a frivolous complaint for a witch hunt. "There is no there that is there".

This Court has discretion to consider "Duverger's Consent" to determine whether or not United Realty Group is liable as a matter of law.[1]

## FACTUAL ALLEGATIONS OF THE COMPLAINT

1. Duverger filed her Class Action Complaint against United Realty Group, alleging violations of the TCPA, 47 U.S.C. §§ 227, 64.1200 (Count I).

2. Duverger claims she is the sole owner and exclusive user of her cell phone ending with

---

[1] *Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F. 2d 1528, 1531 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court."); Fed. R. Civ. P. 12(d); *see also Shuler v. Board of Trustees of University of Alabama*, 2012 WL 2533524, *2 (11th Cir. July 3, 2012) (finding no error with district court's election to treat motion to dismiss as one for summary judgment)

Case No _ 0:25-cv-60378-DMM _ Defendant United Realty Group, Inc's Motion to Dismiss First Amended Class Action Complaint with Prejudice

last 4-digits 9074.[Complaint ¶ 33]

3. Duverger claims she has owned her cell phone for 10 years and she registered her cell phone on the Do Not Call List on October 10, 2006 [Complaint ¶¶ 34-35].

4. Duverger alleges her cell phone is used for only personal use to make and receive calls from friends and family, and not for business purposes [Complaint ¶¶ 36-39].

5. **Duverger alleges "incorrectly" that she has never listed her cell phone publicly as a business contact number** [Complaint ¶ 41].

6. Plaintiff Duverger alleges "incorrectly" in her complaint that on October 4, 2024 at 12:56PM she received two (2) unsolicited back-to-back calls to her cell phone from 954-799-5856 and that she did not answer the calls [Complaint ¶¶42-44].

7. Duverger alleges that the number 954-799-5856 belongs to Juan Urbina, Jr of United Realty Group [Complaint ¶ 42].

8. Plaintiff Duverger alleges "incorrectly" that on October 7, 2024 at 7:16PM and 7:17PM, she received an two (2) unsolicited text from to her cell phone from 833-657-2861[Complaint ¶ 45].

9. Duverger alleges "incorrectly" that the above calls and texts were "unsolicited" and caused her harm because they were an annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone. [Complaint ¶ 53].

10. Duverger seeks order certifying this case as a class action, actual and statutory penalties, treble and injunctive relief pursuant to the TCPA based upon purported unsolicited calls and texts made to her cell phone under 47 U.S.C. § 227(c), 47 U.S.C. § 227(c)(5), 47 C.F.R.

Case No _ 0:25-cv-60378-DMM _ Defendant United Realty Group, Inc's Motion to Dismiss First Amended Class Action Complaint with Prejudice

5

§ 64.1200 [Complaint ¶¶ 66-67 & Prayer for Relief].

## **MEMORANDUM  OF  LAW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This pleading standard "demands more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Id.*  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  To meet this plausibility standard, a plaintiff must plead facts that allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Henry v. Jones,* 484 F. App'x 290, 291 (11th Cir. 2012).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

A. **Durverger Provided Express, Written Consent to be Contacted, By Telemarketing and Other Messages, Including Artificial or Prerecorded Voice Via Automated Calls and Texts...at The Number She Provided When She Intentionally Signed Up and Created An Account On Juan Urbina's Private Website.**

Duverger is not entitlement to relief under the TCPA because she provided prior, express written consent to be contacted. [*See* Ex. A]. This Court may utilize its discretion to consider "Duverger's Consent" and dispose of Count I as a matter of law. "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F. 2d 1528, 1531 (11th Cir. 1990); Fed. R. Civ. P. 12(d).

If a court considers matters outside of the pleadings, all that is required is that the Court "comply with the requirements of Rule 56" and provide the non- movant with ten (10) days' notice of its intent to treat a motion to dismiss as one for summary judgment. *Id.* at 1532; *see also Shuler v. Board of Trustees of University of Alabama*, 2012 WL 2533524, *2 (11th Cir. July 3, 2012) (finding no error with district court's election to treat motion to dismiss as one for summary judgment). "Once the notice required by Rules 12(b) and 56 have been given, the Court may properly consider the converted motion for summary judgment and any materials in support of or in opposition to the motion as of a certain day." *Id.* (citing *Griffith v. Wainwright*, 772 F. 2d 822, 825 (11th Cir. 1985). Upon this Court's consideration of *Exhibit "A"*, it should determine, as a matter of law, that Count I is barred. This Court may additionally bar Count I because Duverger provided prior express consent when she knowingly and intentionally signed onto and created for real property searches on Juan Urbina, Jr's private website, which website on the introduction logon page stated:

Case No _ 0:25-cv-60378-DMM _ Defendant United Realty Group, Inc's Motion to Dismiss First Amended Class Action Complaint with Prejudice

**"By providing your number, you are expressly consenting, in writing, to receive telemarketing and other messages, including artificial or prerecorded voices via automated calls and texts...at the number you provided above, about real estate related topics".**

<u>*Duverger Provided Express Written Consent Barring Count I*</u>

Duverger provided express written consent to be contacted. [*See* Ex. A]. However, Duverger's Complaint falsely alleges that she "never listed her cell phone publicly as a business contact number" [Complaint ¶ 41] and falsely alleges she never provided any express, written consent providing authorization permitting or allowing the placement of prerecorded sales or marketing calls." The TCPA defines prior express written consent as any "agreement, in writing, that authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages . . . and the telephone number to which the signatory authorizes such advertisements or telemarketing messages." 47 C.F.R. § 64.1200(f)(9).

Here, and contrary to Duverger's false, conclusory allegations, the Consent executed by Duverger explicitly states that she agreed to receive telemarketing and other messages, including artificial or prerecorded voices via automated calls and texts...at the number you provided above, about real estate related topics from Juan Urbina, Jr. when she knowingly, willingly and intentionally provided her personal information, including her cell phone number ending in 9074 on Juan Urbina's private website. The Consent also included Morris' telephone number. [*Id.*]. On this basis alone, Count I is precluded as a matter of law and should be dismissed *with prejudice*. *See e.g. Jordan v. ER Solutions, Inc.*, 900 F. Supp. 2d 1323, 1327 (S.D. Fla. 2012) (finding, as a matter of law, that Plaintiff gave express, written consent that precluded liability under the TCPA); 47 U.S.C. § 227 (b)(1)(A).

### Prior Express Consent under the TCPA

"The TCPA does not provide a definition for 'express consent'; however, Congress delegated to the Federal Communications Commission (*"FCC"*), the authority to make rules and regulations to implement the TCPA." *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, *5 (M.D. Fla. Dec. 31, 2013) (citing 47 U.S.C. § 227(b)(2)). The FCC has stated "any telephone subscriber who releases his or her telephone number has, in effect, given prior express consent to be called       " *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 7 F.C .C.R. 8752, 8768 ¶ 29, 1992 WL 690928 (Oct. 16, 1992).

Additionally, any caller can "obtain consent through an intermediary." *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F. 3d 1110, 1123 (11th Cir. 2014) (finding prior express consent provided despite phone number being furnished to caller through intermediary) (citing *In re Groupme, Inc./Skype commc'ns S.A.R.L. Petition,* 29 FCCRcd. 3442, 3447 (2014)) ("[W]e clarify that a consumer's prior express consent may be obtained through and conveyed by an intermediary").

Courts have consistently upheld this form of prior express consent and disposed of claims where customers have furnished their contact information to a provider. *See e.g. Murphy*, 2013 WL 6865772, at *5 (granting Motion to Dismiss and finding TCPA claim failed because Murphy "provided his number" to the caller); *Latner v. Mount Sinai Health System, Inc.*, 879 F.3d 52, 55 (2d Cir. 2018) (affirming judgment on the pleadings because "Latner provided his cell phone number [constituting] prior express consent"); *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1224 (S.D. Fla. 2014) ("Prior express consent can be shown by demonstrating that plaintiff provided her cell phone number to T-Mobile       "); *Cavero v. Franklin Collection*

_Serv., Inc._, 2012 WL 279448, at *3 (S.D. Fla. Jan. 31, 2012) (finding prior express consent where original creditor provided business records showing plaintiff provided his cell phone number).

Therefore, upon this Court's consideration of Duverger's Consent, there is absolutely no dispute that Duverger furnished her telephone number to Juan Urbina, Jr. and provided express consent for Juan Urbina, Jr. to contact her.

<u>Count I Also Fails to State a Claim for Injunctive Relief</u>

Additionally, Duverger's complaint fails to state an entitlement to injunctive relief because Duverger fails to allege that there is an immediate threat of future harm. Requests for injunctive relief under the TCPA require that a plaintiff sufficiently plead "a real and immediate threat of future harm." _Schaevitz v. Braman Hyundai, Inc._, 437 F. Supp. 3d 1237, 1251 (S.D. Fla. 2019) (citing _Elend v. Basham_, 471 F.3d 1199, 1207 (11th Cir. 2006)). "The binding precedent in [the Eleventh Circuit] is clear that for an injury to suffice for prospective relief, it must be imminent." _Id._ In other words, a claim for injunctive relief under the TCPA should be dismissed if it fails to allege that a plaintiff or any member of the putative class "will ever again receive another.

<u>CONCLUSION</u>

For the above stated reasons, United Realty Group, Inc. respectfully requests this Court enter an Order granting this Motion to Dismiss and dismissing the First Amended Complaint in its entirety _with prejudice_, including any purported class action brought by Margarette Duverger.

_WHEREFORE_, Defendant, United Realty Group, Inc., respectfully requests the Court enter an Order Granting the Motion to Dismiss, dismissing all of Duverger's claims _with prejudice._

Case No _ 0:25-cv-60378-DMM _ Defendant United Realty Group, Inc's Motion to Dismiss
First Amended Class Action Complaint with Prejudice

Respectfully submitted,

**Duane E. Baum, Esq.**

### <u>CERTIFICATE OF SERVICE</u>

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion to Vacate Clerk's Default was electronically filed with the Clerk of the Court using the CM/ECF system, on this **12ᵗʰ** day of **July, 2025;** which will send notification of such filing upon the following attorneys of record:   Avi R. Kaufman, Esq. ([kaufman@kaufmanpa.com](mailto:kaufman@kaufmanpa.com)), Attorney for the Plaintiff, Kaufman, P.A., 237 S. Dixie Highway, Floor 4, Coral Gables, Florida 33133.

Law Offices of Duane E. Baum, P.A.
Cornerstone Corporate Center
1200 South Pine Island Road, Suite 600
Plantation, Florida 33324
Telephone:  (954) 256-9353

By: **s/** *Duane E. Baum, Esq.*
    Duane E. Baum
    Florida Bar No.:  0104075
    [Duane@dbaumlaw.net](mailto:Duane@dbaumlaw.net)

## LOCAL RULE 7.1(a)(3)(A) and (B) CERTIFICATION

The undersigned counsel, pursuant to Local Rule 7.1(a)(3)(A) and 7.1(a)(3)(B),

certifies that the undersigned counsel and Plaintiff's counsel exchanged emails prior to

filing this Motion, made reasonable efforts to confer with counsel for Plaintiff by email,

but counsel was unable to resolve the present issues and respectfully, counsel for Plaintiff

Duverger did not reply to undersign counsel's email.

Respectfully submitted,

By: *Duane E. Baum, Esq.*

# EXHIBIT "A"

