IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MARGARETTE DUVERGER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED REALTY GROUP, INC.**, a Florida corporation,<br><br>*Defendant.* | Case No. 0:25-cv-60378-DMM |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Court should deny Defendant United Realty Group's for at least two different reasons.

*First*, as a matter of procedure, United Realty Group's motion to dismiss is due to be denied as untimely. United Realty Group's response to Plaintiff's amended complaint was due to be filed by no later than May 28, 2025. *See* First amended complaint (ECF 18), which was filed on May 14, 2025; Fed. R. Civ. P. 15(a)(3) (providing two weeks within which to respond to an amended complaint). Notwithstanding, United Realty Group did not file its motion until July 12, 2025, without ever seeking an extension or leave to file the motion out of time. In fact, United Realty Group did not file its motion until after Plaintiff moved for a default.[1] As a result, United Realty Group's motion should be denied. *See, e.g., Monfort v. CKCG Health Care Servs.*, No. 1:19-cv-

---

[1] Notably, Defendant's counsel has blatantly misrepresented that he made any effort to confer with Plaintiff's counsel regarding the motion to dismiss. *See* Motion (ECF 21) at 12. Defendant's counsel has never called Plaintiff's counsel and the last email from Defendant's counsel to Plaintiff's counsel was on June 25, 2025 in response to Plaintiff advising as a courtesy that if a response to the amended complaint was not filed Plaintiff would be seeking a default. Defendant counsel's response at the time stated: "I am following up with you on our emails regarding URG's response to your amended complaint. Would you give me until Monday, June 30, 2025 to file a URG's response? I have been fighting the flu for the past several days and just been crushed physically." Notwithstanding, United Realty Group did not file its response until July 12, 2025, after Plaintiff had already moved for a default.

1

00354-MLB-RGV, 2020 U.S. Dist. LEXIS 254554, at *16 (N.D. Ga. May 20, 2020) ("Thus, CKCG's motion to dismiss under Rule 12(b) is untimely and due to be denied on this basis.").

*Second*, United Realty Group's motion to dismiss is also lacking in merit because, at a minimum, it requires the Court to go beyond the four corners of the complaint to be granted. Indeed, United Realty Group does not appear to contest the sufficiency of Plaintiff's allegations on their face, instead arguing that the complaint should be dismiss based on the merits of a potential affirmative defense that Plaintiff has not pled. *See, e.g., Grigorian v. Tixe Realty Servs.*, No. 19-81106-CIV, 2019 U.S. Dist. LEXIS 198963, at *3-4 (S.D. Fla. Nov. 18, 2019) ("Because a 12(b)(6) motion tests the sufficiency of the allegations in the complaint, a court generally cannot consider affirmative defenses at this stage, unless the affirmative defense appears on the face of the complaint. Here, the First Amended Complaint does not contain facts that establish the affirmative defense of consent. To the contrary, the First Amended Complaint alleges, 'At no point in time did Plaintiff provide Defendant with his express consent to be contacted by text messages using an ATDS.'" (cleaned up)).

Here, Plaintiff alleges that, to the extent she initially consented to be contacted, she subsequently told United Realty Group to stop calling her, but they continued to do so anyway. First amended complaint at ¶¶ 50-51. And, regardless, as a matter of law, consent is not a defense to a claim under the TCPA's internal do not call list provision. *See, e.g., Simmons v. Charter Communs., Inc.*, 222 F. Supp. 3d 121, 131 (D. Conn. 2016) ("In order to allege a violation of subsection (d), a plaintiff must show that the entity placing the calls failed to institute the proper procedures prior to the initiation of the call. … There is no affirmative defense to be asserted. If a defendant can show that it had instituted the proper procedures, plaintiff's claim under subsection (d) must fail for lacking an essential element of the claim.").

Accordingly, United Realty Group's purported consent defense does not support dismissal of Plaintiff's claim at this or any future stage of the case, and the Court should deny United Realty Group's motion to dismiss.

DATED this 27th day of July, 2025.

**MARGARETTE DUVERGER**, individually and on behalf of all others similarly situated,

/s/ Avi R. Kaufman
Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
**Coleman PLLC**
18117 Biscayne Blvd, Suite 4152
Miami, FL 33160
law@stefancoleman.com
Telephone: (877) 333-9427

*Attorneys for Plaintiff and the putative Class*